**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jin Gao | ) | Case No.: 23-cv-04799 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Judge: |
| | ) | |
| The Partnerships and Unincorporated | ) | Magistrate: |
| Associations Identified in | ) | |
| Schedule "A", | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Jin Gao ("Plaintiff"), hereby files this Complaint for copyright infringement against

Defendants, on personal knowledge as to Plaintiff's own activities and on information and belief

as to the activities of others:

**THE PARTIES**

1.  Plaintiff is an individual resident from Quanzhou China.

2.  Plaintiff is the creator of works of art and has obtained copyright registration for his

    Plaintiff's works of art (hereafter "Copyrighted Material"). A true and accurate copy of

    Plaintiff's copyright registration for Plaintiff's Copyrighted Material is attached as

    Exhibit 1.

3.  The Copyrighted Material is being infringed by a cabal of foreign counterfeiters intent on

    exploiting unknowing online consumers. This infringing behavior harms Plaintiff.

4.  Defendants, identified in Schedule A, are all believed to be individuals and

    unincorporated business associations who, upon information and belief, reside in foreign

jurisdictions.  The true names, identities, and addresses of Defendants are currently unknown.

5.      Defendants conduct their illegal operations through fully interactive commercial websites hosted on Amazon.com, and other websites ("Infringing Websites" or "Infringing Webstores").  Each Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit and/or infringing products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Illinois and the Northern District of Illinois.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

6.      Through the operation of their Infringing Webstores, Defendants are directly and personally contributing to, inducing and engaging in the sale of Counterfeit Products as alleged, often times as partners, co-conspirators, and/or suppliers.

7.      Upon information and belief, Defendants are an interrelated group of counterfeiters and infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products.

8.      Defendants intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting and infringing operations.  The identities of these Defendants are presently unknown.  If their identities become known, Plaintiff will promptly amend this Complaint to identify them.

9.      Defendants have created the Defendant Internet Stores, operate under one or more aliases, and are advertising, offering for sale and selling Counterfeit Products to

unsuspecting consumers. Defendant Internet Stores share unique identifiers, establishing a logical relationship between them and suggesting that Defendants' counterfeiting actions arise out of the same transaction or occurrence, or series of transactions or occurrences.

10. Defendants are primarily Chinese and all market counterfeit products and/or market their products that infringe the patent of Plaintiff. On information and belief, all Defendants source their goods from a common manufacturer or consortium of manufacturers under the direction or influence of local or national governments.

### JOINDER OF DEFENDANTS

11. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully made, used, offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly Plaintiff's Copyrighted Material. Each e-commerce store operating under the aliases by the Defendants offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States and Illinois over the Internet.

12. Upon information and belief, each of the Defendants, are working in active concert with an unknown manufacturing entity located in China to knowingly and willfully make, use,

offer for sale, sell, and/or import into the United States for subsequent sale or use the same infringing product.

13. There are questions of fact common to all Defendants. All Defendants are infringing the Copyrighted Material by making, selling, and/or importing the same infringing product into the United States. Upon information and belief, the accused products are sourced from the unknown manufacturing entity acting in concert with each of the Defendants. Each of the Defendants are selling the same product manufactured by the unknown manufacturing entity. By selling the same accused product, each of the Defendants are infringing the claim of the Copyrighted Material in the same way.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the claim in this action is brought under the Copyright Act, 17 U.S.C. § 101, *et seq*. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiff's claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

15. This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois.

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois. Specifically, Defendants have targeted sales to Illinois residents, offered shipping to the United States, including

Illinois, accepted payment in U.S. dollars and, on information and belief, have sold products infringing Plaintiff's patent to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**BACKGROUND FACTS**

17.  Plaintiff is engaged in the business of manufacturing, distributing, and retailing Plaintiff's artwork throughout the world, including within the Northern District of Illinois District (collectively, "Plaintiff's Products).  Defendants' sales of similar and substandard copies of Plaintiff's Products ("Counterfeit Products") are in violation of Plaintiff's intellectual property rights and are irreparably damaging Plaintiff.

18.  Plaintiff is the owner of all rights, title, and interest in and to, the Copyrighted Material. Plaintiff's registration of the Copyrighted Material is valid, subsisting, and enforceable.

19.  Plaintiff's Product, symbolized by the Copyrighted Material, is a unique and original design.

20.  Plaintiff's Products have been widely promoted, both in the United States and throughout the world.  The whole of the consuming public recognizes Plaintiff's Products as originating with Plaintiff, but also recognizes that Plaintiff's Products sold in the United States originate exclusively from Plaintiff.

21.  As of the date of this filing, Plaintiff's Products are sold throughout the nation including on third-party platforms.

22.  Plaintiff maintains quality control standards for all of Plaintiff's products, including those marketed under Plaintiff's Copyrighted Material.

23. Plaintiff's Products marketed under the Copyrighted Material have generated significant revenue for Plaintiff. Plaintiff's Products have become a symbol of excellence, and an expectation of quality uniquely associated with Plaintiff.

24. The copyright registration for the Copyrighted Material has never been assigned or licensed to any of the Defendants in this matter.

25. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting products marketed under the Copyrighted Material.

26. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the Copyrighted Material, including his exclusive right to use and license such intellectual property.

27. Plaintiff has identified products being marketed and sold using images covered by the Copyrighted Material on the Infringing Webstores and felt the impact of Counterfeit Products designed to resemble authorized retail Internet stores selling the genuine Plaintiff's Product that Defendants had reproduced, displayed, and distributed without authorization or license from Plaintiff in violation of the Copyrighted Material.

28. Defendants' use of the Copyrighted Material on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

29. Defendants have copied, distributed, manufactured, imported, distributed, offered for sale, and sold Counterfeit Products infringing the Copyrighted Material and continue to do so.

30.     Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the Copyrighted Material in connection with the advertisement, offer for sale, and sale of the Counterfeit Products, through, *inter alia*, the Internet.  The Counterfeit Products are not genuine products sold by Plaintiff under the Copyrighted Material.  The Plaintiff did not manufacture, inspect, or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.  Each Infringing Webstore offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Illinois.

31.     Defendants falsely advertise the sale of authentic versions of Plaintiff's product through the Infringing Webstores. Defendants' Infringing Webstore listings appear to unknowing consumers to be legitimate web stores and listings, authorized to sell Plaintiff's genuine shark shoes by using Plaintiff's Copyrighted Material.

32.     Defendants go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores.  Upon information and belief, Defendants regularly create new Webstores on various platforms using the identities listed in Schedule A of the Complaint, as well as other unknown fictitious names and addresses.  Such registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their illegal counterfeiting operations, and to prevent the Infringing Webstores from being disabled.

33.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant

Internet Stores use identical or equivalent language to sell products.

34.    In addition, the products for sale in the Defendant Internet Stores infringing the

Copyrighted Material bear similarities and indicia of being related to one another,

suggesting that the unauthorized products were manufactured by and come from a

common source and that, upon information and belief, Defendants are interrelated.

35.    The Defendant Internet Stores also include other notable common features, including

common payment methods, lack of contact information, identically or similarly appearing

products, identical or similarly priced items and volume sales discounts, and the use of

the same text and images.

36.    Upon information and belief, Defendants will continue to register or acquire listings for

the purpose of infringing the Copyrighted Material to selling products unless

preliminarily and permanently enjoined.

37.    Plaintiff has no adequate remedy at law.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

38.    The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth

herein.

39.    Plaintiff's Copyrighted Materials constitute creative, original works of authorship, fixed

in a tangible medium of expression, and protectable under U.S. copyright law. See 17

U.S.C. § 102.

40.    Plaintiff is the owner of a valid and enforceable copyright in Plaintiff's Copyrighted

Material.

41.    Defendants do not have any ownership interest in, or license to, Plaintiff's Copyrighted

Material.

42. Without authorization from Plaintiff, or any right under the law, Defendants have willfully copied, reproduced, publicly displayed, and distributed, either copies and/or variations of Plaintiff's Copyrighted Material, in connection with their operation of the Defendant Internet Stores and the sale of products.

43. Defendants have individually, as well as jointly and severally, infringed and continue to infringe Plaintiff's Copyrighted Materials in violation of 17 U.S.C. § 501(a).

44. Defendants reap the benefits of their unauthorized reproduction, public display, and distribution, of Plaintiff's Copyrighted Material through their receipt of substantial revenue, including substantial profit, driven by sales of their products using product listings that infringe Plaintiff's Copyrighted Material.

45. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating product listing materials for their products that capture the total concept and feel of Plaintiff's Copyrighted Material.

46. The Defendants have willfully and deliberately infringed Plaintiff's Copyrighted Material. The Defendant's infringement of Plaintiff's Copyrighted Material is obvious and notorious. The Defendants have no good faith basis that the images utilized do not infringe Plaintiff's Copyrighted Material. Defendants' infringement has been willful, intentional, malicious, and purposeful, and in disregard of, and with indifference to, Plaintiff's rights.

47. Defendants, by their actions, have caused financial injury to Plaintiff in an amount to be determined at trial.

48. Defendants' conduct is causing, and unless enjoined and restrained by this Court will

continue to cause, Plaintiff irreparable injury that cannot fully be compensated for or measured monetarily. Plaintiff has no adequate remedy at law for such injury.

49.     In light of the foregoing, Plaintiff seeks: (i) temporary, preliminary, and permanent injunctive relief prohibiting further infringement of Plaintiff's copyright by Defendants pursuant to 17 U.S.C. § 502; and (ii) monetary relief in the form of statutory damages, attorneys' fees, and costs.

## COUNT TWO
## UNFAIR COMPETITION
### (Lanham Act, 15 U.S.C. § 1125)

50.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

51.     All Defendants misrepresented and failed to disclose material facts related to Plaintiff's Copyrighted Material including, but not limited to:

   a.   That their offerings were unauthorized reproductions;

   b.   Their lack of relationship and unaffiliation with Plaintiff, the official creator of Plaintiff's Copyrighted Material;

   c.   The counterfeit nature of the Defendants' products offered.

52.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products, Defendants have actually offered and did ship goods in interstate commerce.

53.     Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Counterfeit Products, Defendants have traded off the extensive goodwill of Plaintiff and Plaintiff's Copyrighted Material to induce, and did induce and intends and will continue

to induce, customers to purchase their Counterfeit Products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through nationwide marketing, advertising, sales, and cumulative consumer recognition.

54. Defendants' advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Counterfeit Products was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Counterfeit Products.

55. Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Counterfeit Products and their continuing advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Counterfeit Products would cause confusion and mistake, or deceive purchasers, users and the public.

56. As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of his products marketed under Plaintiff's Copyrighted Material, as well as other similar products.

57. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to his goodwill and reputation.

58. As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief,

an order granting Plaintiff's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct in amounts to be determined at trial.

## COUNT THREE
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES
### (815 ILCS 510)

59.     The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

60.     The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

61.     By misappropriating and using the Plaintiff's Copyrighted Material, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

62.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

63.     Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendants' use of the Plaintiff's Copyrighted Material in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

64.     Plaintiff has no adequate remedy at law and, if the Defendants' activities are not

enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

65.    As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from its infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1.    A judgment against Defendants as to infringement of the Copyrighted Material;

2.    That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from reproducing, publicly displaying, and distributing, Plaintiff's Copyrighted Materials and all colorable imitations thereof, and in assisting third-parties in such activity, pursuant to 17 U.S.C. § 502;

3.    That Defendants destroy all copies of Plaintiff's Copyrighted Material and Counterfeit Products and all colorable imitations thereof made by, or made under the control of, Defendants;

4.    That Plaintiff be awarded statutory damages based on Defendants' willful copyright infringement, pursuant to 17 U.S.C. § 504(c)(2), in an amount of $150,000 per infringed work;

5.    That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. §

505;

6. Preliminary and permanent injunctions enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of infringing, inducing infringement, and/or contributing to the infringement of Copyrighted Material, or selling Counterfeit Products including:

   a. shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, in connection with the Copyrighted Material or any reproductions, counterfeit copies, or colorable imitations thereof;

   b. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

   c. operating and/or hosting websites at the Infringing Webstores and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product marketed with the Copyrighted Material or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold;

   d. possessing any product or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be

sold in connection with the Copyrighted Material. As part of compliance with this provision, we ask that Defendants or those who possess Defendants' infringing goods, segregate and destroy infringing goods;

e.  competing unfairly with Plaintiff in any manner;

f.  passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by the Plaintiff;

g.  committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

h.  using the Plaintiff's Copyrighted Material or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's Product in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

7.  That Defendants account for and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

8.  An award of pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

9.  An award of reasonable attorneys' fees and costs incurred in connection with this action;

10. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court;

11. Entry of an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Webstore hosts or their administrators that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendants engage in the sale of Counterfeit Products in connection with the Copyrighted Material; and

12. Grant Plaintiff such other and further legal relief as may be just and proper.

Respectfully Submitted,

Dated: July 24, 2023

By: _____/s/ Kevin Keener_____

Kevin J. Keener
DC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600
Chicago, IL 60601
(312) 375-1573
kevin.keener@keenerlegal.com